THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MILLARD J. LONKEY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255**<br><br>Case No. 2:22-cv-00732<br><br>District Judge David Nuffer |

Petitioner Millard J. Lonkey, Jr., ("Lonkey") filed a Motion to vacate his conviction pursuant to 28 U.S.C. § 2255, 18 U.S.C. § 3583(e)(2), and Fed. R. Crim. P. 32.1(c). Lonkey asserts that his Constitutional Rights under the Fifth Amendment's Double Jeopardy Clause were violated when he was sentenced to a 60-month term of supervised release after he serves his 168-month prison sentence. The government filed a Response in opposition and Lonkey did not file a Reply. Lonkey's claim fails because (1) his claim is time barred; (2) his claim is procedurally defaulted; and (3) he waived his right to file a Motion under 28 U.S.C. § 2255 in his plea agreement. Therefore, Lonkey's claim is DENIED and DISMISSED with prejudice.

### A. FACTUAL AND PROCEDURAL BACKGROUND

On approximately June 18, 2015, Lonkey traveled to Utah to engage in oral sex with a nine-year-old female child.[1] Lonkey was arrested and a federal grand jury returned an indictment to charge him with several child pornography and sexual abuse violations.[2] Lonkey pled guilty to

---

[1] Statement by Defendant in Advance of Plea, docket no. 16, at 1, filed September 8, 2015; *United States v. Lonkey*, Case No. 2:15-cr-368-DN (D. Utah 2015).

[2] Indictment, docket no. 9, at 1-4, filed July 1, 2015.

traveling with the intent to engage in illicit sexual conduct under 18 U.S.C. § 2423(b). As part of the plea agreement, Lonkey waived his right to file a direct appeal or collateral attack to challenge his sentence, "including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel."[3] Lonkey was sentenced to 168 months of imprisonment followed by a 60-month term of supervised release. Lonkey did not file a direct appeal, and his anticipated release date is July 13, 2026.[4]

## B. DISCUSSION

As a threshold matter, Lonkey's claim is properly construed as a claim brought solely under 28 U.S.C. § 2255, and his claim cannot be brought under 18 U.S.C. § 3583(e)(2) or Fed. R. Crim. P. 32.1(c). As to Lonkey's claim to vacate his conviction, his claim fails because (1) his claim is time barred;  (2) his claim is procedurally defaulted; and (3) he waived his right to file a 28 U.S.C. § 2255 Motion in his plea agreement.

### 1. Lonkey's claim is properly construed as a claim brought under 28 U.S.C. § 2255

Lonkey's claim is properly construed as a claim brought under 28 U.S.C. § 2255 because the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has consistently held that a 28 U.S.C. § 2255 Motion is "[t]he exclusive remedy for testing the validity of a [federal] judgment and sentence, unless it is inadequate or ineffective[.]"[5] A federal judgment and sentence is "inadequate" or "ineffective" when the petitioner's Motion could not have been

---

[3] Statement by Defendant in Advance of Plea, docket no. 16, at 1; *United States v. Lonkey*, Case No. 2:15-cr-368-DN (D. Utah 2015).

[4] Government Response, docket no. 4, at 2, filed September 20, 2023.

[5] *Russian v. Hudson*, 796 F. App'x 500, 503 (10th Cir. 2019); *see also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

tested in an initial 28 U.S.C. § 2255 Motion.[6] Here, where "all the asserted grounds for relief are plainly cognizable under 2255,"[7] that is the exclusive remedy.

Lonkey does not argue 28 U.S.C. § 2255 is improper or inadequate for his initial 28 U.S.C. § 2255 Motion, which is the same Motion he is currently asserting. Therefore, the exclusive remedy for Lonkey's claim is a Motion under 28 U.S.C. § 2255.

Lonkey's claim also cannot be brought under 18 U.S.C. § 3583(e)(2) or Fed. R. Crim. P. 32.1(c) for other reasons. In *United States v. Thomas*, the Tenth Circuit held that a district court does not have authority to modify conditions of supervised release based on the factors listed in 18 U.S.C. § 3583(e), and "any challenge to the legality of a condition of supervised release must be raised on direct appeal or in a habeas petition."[8] The District of Utah also concluded that Fed. R. Crim. P. 32.1(c) does not permit a defendant to challenge the legality of conditions of supervised release.[9] Instead, the District Court concluded Rule 32.1(c) merely lists procedures that the Court must follow when considering a motion to modify the conditions of supervised release.[10] Therefore, 18 U.S.C. § 3583(e)(2) and Rule 32.1(c) do not provide the Court with independent authority to vacate a defendant's supervised release term on constitutional grounds.

2. **Lonkey's 28 U.S.C. § 2255 claim fails because it is time-barred; he failed to raise the issue on direct appeal; and he waived his right to assert a collateral attack**

Lonkey's Fifth Amendment arguments in his 28 U.S.C. § 2255 Motion fail because: (1) his claim is time-barred under the one-year statute of limitations for 28 U.S.C. § 2255 claims; (2) his claim is barred because he failed to raise the issue on a direct appeal; and (3) he explicitly

---

[6] *See Russian v. Hudson*, 796 F. App'x 500, 502-503 (10th Cir. 2019).

[7] *Barrett v. United States*, 285 F.2d 758, 759 (10th Cir. 1960).

[8] *United States v. Thomas*, No. 22-1149, 2023 WL 1872585, at *4 (10th Cir. Feb. 10, 2023).

[9] *United States v. Stark*, No. 2:14-CR-00012-CW, 2023 WL 3391533, at *2 (D. Utah May 11, 2023);
*Keele v. United States*, No. 2:23-CV-00132-TC, 2023 WL 4548091, at *2 (D. Utah July 14, 2023).

[10] *Stark*, No. 2023 WL 3391533, at *2.

waived his right to assert a collateral attack under 28 U.S.C. § 2255 Motions in his plea agreement.

### a. Lonkey's § 2255 claim fails because it is time-barred

Lonkey's claim fails because he filed it after the one-year statute of limitations expired under 28 U.S.C. § 2255(f). The statute of limitations under 28 U.S.C. § 2255 runs from the latest of four start dates:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action . . . is removed if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[11]

"The most common start date . . . is the date on which the judgment of conviction becomes final."[12] When a criminal defendant fails to file a direct appeal, "[f]or purposes of § 2255 . . . his criminal conviction became final when his time for filing a direct appeal expired—fourteen days after the district court entered its judgment of conviction."[13]

In Lonkey's case, the start date of the statute of limitations was the date his conviction became final because the three other situations listed in 28 U.S.C. § 2255(f)(2)-(4) do not apply to his case. The district court entered its judgment of conviction against Lonkey on September 8, 2015, and his conviction became final on September 22, 2015, which was 14 days after the Court entered its judgment of conviction.[14] Lonkey filed has motion under 28 U.S.C. § 2255 on

---

[11] 28 U.S.C. § 2255(f)(1)-(4).

[12] *United States v. Anthony*, 25 F.4th 792, 795 (10th Cir. 2022).

[13] *United States v. Mathisen*, 822 F. App'x 752, 753 (10th Cir. 2020) (citing Fed. R. App. P. 4(b)(1)(A)(i)).

[14] Judgment, docket no. 21, at 1, filed September 16, 2015.

November 21, 2022, which was more than six years after the one-year statute of limitations period expired.

The one-year limitations period contained in § 2255(f)(1) is not jurisdictional and may be subject to equitable tolling.[15] To be entitled to equitable tolling for a § 2255 Motion, Lonkey "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[16] Lonkey's Motion does not offer any justification as to why he filed his Motion after the one-year limitation. For these reasons, Lonkey's claim is time-barred.

### b. Lonkey's claim is procedurally barred because he did not raise this claim on direct appeal

Lonkey did not assert his Fifth Amendment claim on appeal. When a defendant fails to raise an issue on direct appeal, he is barred from raising it in a 28 U.S.C. § 2255 motion unless he can show (1) "cause excusing his procedural default and actual prejudice resulting from the errors of which he complains" or (2) "that a fundamental miscarriage of justice will occur if his claim is not addressed."[17] "This rule applies even where the defendant has waived his right to appeal."[18] Lonkey's Motion does not attempt to explain or address any ground for overcoming the procedural bar. Therefore, Lonkey is procedurally barred from asserting his federal habeas corpus application.

---

[15] *United States v. Grealish*, 559 F. App'x 786, 788 (10th Cir. 2014) (internal quotation marks omitted); *see United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008).

[16] *United States v. Grealish*, 559 F. App'x 786, 788 (10th Cir. 2014) (internal quotation marks omitted).

[17] *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012).

[18] *United States v. Majid*, 196 Fed. Appx. 685, 686 (10th Cir. 2006).

### c. Lonkey's claim is denied because he waived his rights to collaterally attack his sentence under 28 U.S.C. § 2255

Lonkey's claim is denied because he waived his to file a Motion under 28 U.S.C. § 2255 in his plea agreement.[19] When a criminal defendant waives his right to bring a post-conviction collateral attack in his plea agreement and later brings a § 2255 petition, the Tenth Circuit determines "(1) whether the disputed [claim] falls within the scope of the waiver [provision of the plea agreement]; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[20] Lonkey's claim is barred because he knowingly and voluntarily signed a plea agreement that waived his right to appeal under 28 U.S.C. § 2255, and his waiver would not result in a miscarriage of justice.

First, Lonkey's 28 U.S.C. § 2255 claim falls within the scope of the waiver because he is arguing the Court should eliminate his 60 months of supervised release, and Lonkey's plea agreement states:

> I know that the maximum possible penalty provided by law for Count Four of the Indictment . . . is a term of imprisonment of up to 30 years, . . . a term of supervised release of up to five years, and any applicable forfeiture. . . . I also knowingly, voluntarily, and expressly waive my right to challenge my sentence . . . in any collateral review motion . . . including but not limited to a motion brought under 28 U.S.C. § 2255[.][21]

Second, Lonkey "knowingly, intelligently, and voluntarily" entered the plea agreement. Specifically, in Lonkey's plea agreement he acknowledged:

---

[19] Statement by Defendant in Advance of Plea, docket no. 16, at 4; *United States of America v. Millard J. Lonkey*, Jr., 2:15-CR-00368-DN.

[20] *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012).

[21] Statement by Defendant in Advance of Plea, docket no. 16, at 1, 4; *United States of America v. Millard J. Lonkey*, Jr., 2:15-CR-00368-DN.

> My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. . . . I have no mental reservations concerning the plea.[22]

Third, enforcing the waiver would not result in a miscarriage of justice. A miscarriage of justice occurs:

> [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.[23]

None of these four situations apply to invalidate Lonkey's waiver, and he does not assert any of these situations in his Motion. For these reasons, Lonkey's waiver in his plea agreement is enforceable and his claim is denied.

## C.   ORDER

IT IS HEREBY ORDERED that Lonkey's Motion is DENIED and this case is DISMISSED with prejudice. The Clerk is directed to close the case. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, Plaintiff is DENIED a certificate of appealability.

Signed January 4, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[22] Statement by Defendant in Advance of Plea, docket no. 16, at 6.

[23] *United States v. Viera*, 674 F.3d 1214, 1219 (10th Cir. 2012).